## STANDARD CAPITAL CORPORATION v. SAPER.

### No. 33.

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1940.

**2. Bankruptcy ⚖=664**

Schiff, Dorfman & Stein, of New York City (Leon Brof, of New York City, of counsel), for appellant.

Zalkin & Cohen, of New York City (Israel Akselrod and B. B. Fensterstock, both of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The question is whether the order of March 9, 1938, superseded the order of February 25, 1938. The petition for the first order declared that wages were then due which must be paid "in order to prevent a complete disruption and discontinuance of the business of the debtor. A substantial portion of the merchandise belonging to the debtor is in an unfinished state. It is essential that the debtor be enabled to put these goods in a finished state in order to continue its business operations and it is therefore necessary for the debtor to continue the operation of its plant." For this purpose $15,000 was thought necessary, and the judge authorized the issue of receiver's certificates in that amount. It proved impossible to secure a buyer of such certificates; and on March 1st the debtor filed a second petition, declaring that it had been unable to borrow the money on the certificates already authorized, but that it had secured an offer to lend $5,000 upon a certificate, having as added security any equity in accounts already assigned to a factor. As this provided for only $5,000 of the $15,000 needed, and was apparently all that the lender would advance, the petition then asked leave to borrow up to 75% of the face value of its current accounts receivable as they arose; and that "the remaining 25% equity of these accounts receivable" should be used, along with the equity of the already pledged accounts, "toward the reduction and repayment of the $5,000 loan." The petition concluded that "the debtor will not have to issue any further certificates. It will immediately set the plant and factory in motion and continue the employment of fifty people. This offer is the best and speediest method of releasing the debtor from its frozen status. The debtor has an inventory of over Forty-five thousand ($45,000) Dollars, much of it in an unfinished state and the funds thus made available will serve to liquidate this inventory at a substantial profit since the debtor is now going into its season." The petitioner lent $5,000 and received the certificate provided for in this order; but on November 5th, eight months thereafter, it lent $5,000 more (the first loan having been meanwhile paid) upon a certificate, purporting to be issued under the order of February 25th. It is the unpaid balance of this certificate which it wishes to have treated as a preferred claim.

There seems to us no doubt that this certificate was unauthorized. The occasion for the order of February 25th was the immediate necessities of the debtor, which would presumably be supplied by the advances made under the second order; indeed, the debtor had declared that it would need no further certificates. There was therefore no reason to assume that the same need continued and it was necessary to go again to the court, and at least to state that expectations had been disappointed; and that a new need had arisen, or that the old one had continued. As things stood, the earlier order was functus officio. The lender acts at his peril in accepting such certificates; he must examine the debtor's—or receiver's —authority and satisfy himself of its sufficiency. In re Avorn Dress Co., Inc., 2

Cir., 78 F.2d 681; Id., 2 Cir., 79 F.2d 337. The order must therefore be affirmed; but that is not to be taken as foreclosing the lender upon the question whether its advances may not be treated as administration expenses under the doctrine laid down in In re Avorn Dress Co., Inc., supra, 2 Cir., 79 F.2d 337.

Order affirmed.