In re AMERICAN COOLER CO., Inc.

No. 136.

Circuit Court of Appeals, Second Circuit.

Argued Dec. 10, 1941.

Decided Jan. 17, 1942.

Schiff, Dorfman & Stein, of New York City (Leon L. Brof, of New York City, of counsel), for appellant.

Zalkin & Cohen, of New York City (Israel Akselrod and Barney B. Fensterstock, both of New York City, of counsel), for appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

On a prior appeal, reported at Standard Capital Corp. v. Saper, 2 Cir., 115 F.2d 383, we affirmed an order of the District Court which denied the appellant's application to compel the appellee to pay to it the sum of $1,074.95 as the unpaid balance of a $5,000 advance (Standard having admittedly received $3,925.05 on account) made by Standard to American Cooler Co., Inc., while American was in reorganization under Section 77B, Bankr.Act, 11 U.S.C.A. § 207. We held that Standard could not enforce payment of the unpaid balance because

the loan was unauthorized, but we remanded the case so that Standard might apply to have its advance allowed as an expense of administration within the doctrine of In re Avorn Dress Co., Inc., 2 Cir., 79 F.2d 337. Standard now appeals from an order denying an application based upon the doctrine of that case and granting the trustee's motion to require it to repay the sum of $3,925.05 (less a small adjustment) received on account.

The facts giving rise to the controversy were set out in our opinion on the prior appeal, and need be only briefly restated: American filed its petition under 77B on February 25, 1938, and on the same date the court authorized the borrowing of $15,-000 upon receiver's certificates. Unable to obtain a loan upon these certificates, the debtor obtained authority on March 3, 1938, to borrow from Standard the sum of $5,000 to be secured by its equity in certain assigned accounts and, in addition, authority to assign to Standard current accounts for immediate loans of 75% of face value, the balance upon collection to be applied against the $5,000 loan. Such a contract was made. On November 5, 1938, still being in financial difficulties, American borrowed $5,000 more from Standard, giving in return a receiver's certificate purportedly authorized by the order of February 25, and assigning the equities in the accounts already assigned plus all its remaining unassigned accounts. This loan became the subject of both the prior and the present litigation. We held that the order of February 25th became functus officio when the order of March 3rd was entered, and that the loan was consequently unauthorized. Standard Capital Corp. v. Saper, 2 Cir., 115 F.2d 383.

Standard urges that the funds were advanced pursuant to the terms of the authorized factoring agreement, arguing that the loan should be viewed as an advance against the assigned accounts; and, to the objection that there were insufficient accounts to justify the loan, it answers that it had the right to waive the 75% limit, fixed by the court's order of March 3, and to lend up to 100% of the accounts in its hands. This ground (even if we overlook the fact that it was suggested on the prior appeal) is untenable. Since American guaranteed the accounts, the 75% limit was a safeguard which would have the effect of bringing before the court at an earlier date the question of whether continuation of the business was advisable. We do not think, therefore, that

Standard had the power, without approval of the court, to waive the limit on overborrowing. It is, moreover, obvious that, at the time the loan was made, the parties sought to base it upon the order of February 25, and did not have the order of March 3 in mind.

That brings us to the Avorn Dress doctrine. The referee held that no case was made for its application, and the District Court affirmed. In that case, we reiterated the established principle that a receiver may borrow money only if the court authorizes him to do so. Union Trust Co. v. Illinois Midland Ry. Co., 117 U.S. 434, 6 S.Ct. 809, 29 L.Ed. 963; Chicago Deposit Vault Co. v. McNulta, 153 U.S. 554, 14 S.Ct. 915, 38 L.Ed. 819. The appellant there contended that "equitable relief may be granted to deserving creditors in exceptional instances," and, without accepting that as a sound rule, we held that no case for equitable relief was presented. On the prior appeal of the present case, we acknowledged in effect that such relief was possible, and we now repeat that an unauthorized loan may receive priority as an expense of administration in unusual circumstances. Cf. Northern Finance Corp. v. Byrnes, 8 Cir., 5 F.2d 11, 13; Amick v. Hotz, 8 Cir., 101 F.2d 311, 313.

We failed in the Avorn Dress case to suggest any guide-posts to enable parties to make up a record supporting equitable relief, and it is apparent here that the referee was justifiably in the dark about what peculiar factors would call for judicial clemency toward the creditor. We think that the judge should not retroactively validate the loan unless he is confident that he would have authorized it if a timely application had been made, and unless, in addition, he is reasonably persuaded that the creditors have not been harmed by a continuation of the business made possible by the loan. He should also take into account, as bearing on the good faith of the debtor and lender, whether or not they honestly believed that they had authority to enter into the transaction. Of necessity, each case must stand on its own facts, and these criteria cannot be mechanically applied; they should, however, materially facilitate the preparation of an intelligent record. We should emphasize that this equitable power must be cautiously exercised, and that only a foolhardy lender will attempt to make it serve as a substitute for proper authorization.

We feel that the referee and District Court should have an opportunity to apply these standards to the lender's application. Although we regret postponing a conclusion to this already protracted litigation, it would be unfair as well as unsatisfactory for us to make a final disposition of the case without the benefit of findings and a ruling by the court below. The case is therefore remanded to permit the court below to pass on the lender's application in the light of this opinion.

The order is reversed and the case remanded.