**AIKEN et al. v. HERZOG.**

No. 91, Docket 21129.

United States Court of Appeals
Second Circuit.

Dec. 17, 1948.

Abraham I. Menin, of New York City,
for appellant.

Benjamin Siegel and Benjamin Brownstein, both of New York City, for appellees.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

PER CURIAM.

The claims allowed were for services rendered to the debtor between the date of petition filed, November 7th, 1947, and the date when a receiver was appointed, November 18th, 1947. The debtor had meanwhile obtained no order authorizing it to continue the business. The appeal is ruled by our decision in Re American Cooler Company,[1] where we held that it was not necessarily a defense to the allowance of a loan as an administration expense, that the debtor in possession had borrowed the money to continue the business without procuring an order of the court authorizing it to do so. We held, however, that it was a condition upon such a claim that the creditor prove that the judge was "confident that he would have authorized it" (the loan) "if a timely application had been made"; and that in addition he was "reasonably persuaded that the creditors have not been harmed by a continuation of the business made possible by the loan"; and we emphasized that this "power must be cautiously exercised". In the case at bar the referee did find "that there is nothing in the evidence or in the petition to show that if application had been made to the court on November 7th, 1947, for continuation of the business or management of the property, that such would have been granted. There is nothing to show that there would have been a net profit in such continuation. It is not likely that this could have been shown because the debtor had been continuing at a loss prior to that time."

These findings obviously do not fulfill the conditions which we have held necessary, and the order must in any event be reversed. However, we do not think that they finally forbid the allowance of the

[1] 125 F.2d 496, 497.

claims as administrative expenses. The proceeding was for an "arrangement," which, if it was to succeed at all, presup-, posed that the business should continue; otherwise the assets would have to be sold at their scrap value. Indeed, the only testimony was that continuance was necessary. It does not at all follow, because the business would have been conducted at a loss for eleven days, that the referee would at the very outset have taken a step so drastic as probably to have led to liquidation under Section 376, 11 U.S.C.A. § 776. At any rate, we are not sure that the finding means that he would have done so; nor indeed do we mean to say that his decision, if he had so decided, would be beyond any review in the district court, though his decision would of course have been discretionary. As we have already said, it is not determinative that there was "nothing to show that there would have been a net profit in such continuation." The creditors might, notwithstanding, have gained in the end, if by scaling down their claims the debtor should succeed in keeping the business alive for better days. The case must therefore be remanded and the creditors permitted to show that the conditions upon their claims, which we have mentioned, were satisfied, either upon the record as it stands, or by adding new evidence.

Order reversed; case remanded to the referee.