In the Matter of RIDGECREST DEVELOPMENT COMPANY, Bankrupt.

No. 6354.

United States District Court, S. D. California, N. D.

March 31, 1950.

Ernest A. Tolin, U. S. Atty., for Southern Dist. of California, Los Angeles, Cal., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Los Angeles, Cal., for said District, Eugene Harpole, Los Angeles, Cal., and James D. Pettus, San Francisco, Cal., Sp. Attys., Bureau of Internal Revenue, for petitioner.

Johnston, Baker & Palmer, Bakersfield, Cal., and Craig, Weller & Laugharn, by Hubert F. Laugharn, Los Angeles, Cal., of counsel, for respondent, Paul W. Sampsell, Los Angeles, Cal., Trustee in Bankruptcy.

HALL, District Judge.

The Referee's Certificate on Review and briefs of counsel having been filed, and the Court having considered such Certificate, briefs, and the Referee's Opinion, the Court hereby makes the following:

## Findings of Fact

I. That Ridgecrest Development Company, a corporation, Kern County, California, pursuant to a resolution passed by its board of directors, filed its voluntary petition in bankruptcy and was adjudged bankrupt on May 12, 1947.

II. That on June 6, 1947, the first meeting of creditors was held, and Paul W. Sampsell was elected trustee in bankruptcy, and at all times since that date has been in possession of the assets of the bankrupt corporation.

III. That on November 14, 1947, a claim for Federal taxes due and owing by the bankrupt was filed in this proceeding by the Collector of Internal Revenue for the Sixth Collection District of California, covering Federal Insurance contributions, unemployment, withholding and admissions taxes in the principal sum of $14,728.44, together with assessed penalty of $761.97, assessed interest $139.14, delinquency penalty of $698.71, and accrued interest of $793.66, computed to November 30, 1947, or $2.55 per day until payment.

IV. That except for three items, totaling $1,680.81, the entire claim of the Collector of Internal Revenue was secured by liens which arose and were recorded in the office of the County Recorder, Kern County, California, prior to the date on which the bankrupt corporation filed its petition in bankruptcy.

V. That by an order dated December 12, 1949, the Referee in Bankruptcy, William A. McGugin, allowed the claim of the Collector of Internal Revenue in the amount claimed for taxes, penalties, and interest accruing prior to the date the bankrupt corporation filed its petition in bankruptcy but disallowed and rejected the claim of the Collector of Internal Revenue for interest accruing from the date of the filing of the petition in bankruptcy to the date of payment of said claim on those items secured by liens which arose and were recorded prior or to bankruptcy.

From the foregoing the Court makes the following:

## Conclusions of Law

I. That by virtue of Sections 3670–3672 of the Internal Revenue Code, 26 U.S.C.A. §§ 3670–3672, the liens of the United States attached to all property, whether real or personal, of the bankrupt corporation.

II. That the liens of the United States upon all the property of the bankrupt corporation are security not only for the principal tax obligations of the bankrupt, but for the interest accruing thereon as a part of the tax obligation.

III. That the entire estate of the bankrupt corporation came into the

**710**

hands of the duly appointed trustee in bankruptcy charged with the liens of the United States.

IV. That Federal tax claims secured by liens perfected before bankruptcy bear interest as provided by law after the date the petition in bankruptcy is filed and until payment.

Now, Therefore, It Is Hereby Ordered:

That the Order of the Referee dated December 12, 1949, be and the same is hereby reversed, and that the Federal tax claim secured by lien shall bear interest at 6% per annum, as provided by law, accruing subsequent to the date of the filing of the petition in bankruptcy until the claim is paid.