### TODD v. ZODA.

No. 211, Docket 21943.

United States Court of Appeals, Second Circuit.

Argued March 13, 1951.

Decided April 5, 1951.

Chadbourne, Hunt, Jaeckel & Brown, New York City (Allen G. Miller and Morris Schaeffer, New York City, of counsel), for appellant.

Max Schwartz, New York City, for appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

The appellant seeks reversal of an order which confirmed the decision of a referee denying priority in payment over other expenses of administration to a loan made by the appellant under a prior order which did not accord it such priority. On December 5, 1946 Aviometer Corporation filed a voluntary petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. The following day Referee Ehrhorn, then in charge of the matter, signed an order permitting the debtor to continue in possession and to transact business. The debtor in possession continued to function under this order until August 25, 1948 when it was adjudicated bankrupt. The expenses of administration amount to about $80,000 and the assets of the bankrupt estate are about $40,000. The appellant's claim is for $25,000 and interest; hence, if it is awarded priority, little will remain for payment of the other administration expenses. The basis for the appellant's asserted right to priority is an agreement of April 10, 1947 between Todd and Sears, who was then the president of the debtor in possession. By this agreement Todd promised to lend to the debtor in possession $25,000 at 6% per annum for one year, and Sears promised him "a Certificate of Indebtedness giving you a prior claim to all physical assets and accounts receivable and having priority as compared with claims for salaries, taxes, mechanic's liens, and all other creditors of Aviometer Corporation." Thereupon Todd gave Sears a certified check for $25,000 payable for the account of the debtor in possession. They then went to see Mr. Weintraub, the attorney for the debtor in possession. He redrafted the agreement of April 10th, and procured on April 11, 1947 from Referee Ehrhorn an order authorizing the debtor in possession to borrow $25,000 "as an expense of administration" and to issue a certificate of indebtedness therefor, with interest at 6%. Neither the redrafted agreement signed by the parties, the referee's order nor the certificate of indebtedness delivered to Todd accorded the loan any priority over other expenses of administration. Nor was the referee or the attorney for the creditors' committee who consented to the order informed that Todd expected his loan to have priority. On August 4, 1950 Todd moved before Referee Kurtz, who was then in charge of the case, for an order amending Referee Ehrhorn's order of April 11, 1947 so as to accord the claim the priority asserted to have been promised in Sears' original agreement with Todd. This motion was denied by the referee and his decision was confirmed by the district court.

In so far as the order depends on findings of fact we agree with Judge Goddard that they are not clearly erroneous. We agree also with the referee's legal conclusion that as a matter of "equitable discretion" the order of April 11, 1947 ought not

to be amended. This court has recognized that in exceptional instances equitable considerations may justify a court of bankruptcy in validating an unauthorized loan as an expense of administration.[1] None of these cases involved the question whether equitable considerations would justify a loan-claimant in obtaining priority in payment over prior lenders to the debtor in possession or over subsequent expenses of administration advanced by creditors who had no notice of the loan-claimant's claim to priority. But on the assumption that the criteria conditioning equitable relief, as enunciated in the cited cases, are applicable to the case at bar, those cases strongly support the referee's refusal to modify Referee Ehrhorn's order.

Order affirmed.

1. In re Avorn Dress Co., 2 Cir., 79 F.2d 337; In re American Cooler Co., Inc., 2 Cir., 125 F.2d 496; Aiken v. Herzog, 2 Cir., 171 F.2d 588.