In re INDUSTRIAL MACHINE &
SUPPLY CO.

No. 21702.

United States District Court
W. D. Pennsylvania.

May 15, 1953.

Supplemental Opinion May 25, 1953.

262

John J. Laffey, Pittsburgh, Pa., for Trustee.

Robert A. Jarvis, Pittsburgh, Pa., for Stockholders.

John A. Robb, Pittsburgh, Pa., for debtor.

George Zolotar, New York City, counsel for Securities and Exchange Commission.

GOURLEY, Chief Judge.

This matter comes before the court on application for payment of final allowances and reimbursement for various loans granted the debtor corporation.

■ Divers loans were made to the Debtor by Trustee and his counsel during the reorganization of the debtor corporation. The record fails to disclose any authorization on the part of this court to make said loans as required by the Chandler Act, 11 U.S.C.A. § 516(2). The law is undisputed that a debtor cannot borrow money without authority. Indeed, one lending money to a corporate debtor in corporate reorganization proceeding acts at his peril in accepting receivers' certificates for amounts loaned and must examine and satisfy himself of sufficiency of debtor's or receiver's authority to borrow money. In re Mannington Pottery Co., D.C., 104 F.

Supp. 506; Standard Capital Corp. v. Saper, 2 Cir., 115 F.2d 383; Remington on Bankruptcy § 4512.

To approve such unauthorized loans at this late date, occurring as they did, without following the delineated requisites of notice and court approval, would set a dangerous precedent for future reorganization proceedings, imperiling the vested interest of creditors and shareholders.

■ The safeguards provided under Chapter X must be preserved and rigidly obeyed. Even if individuals must suffer the loss of good-intentioned advancements to a corporation wallowing in the mire of financial crisis, the court must not deviate from the strict, protective cloak of the law.

In a somewhat different light appears the claim of Gerald S. Rogers who advanced certain sums of money pursuant to a plan of reorganization approved August 16, 1950 by the late Judge Owen M. Burns. Certain of the advances were made to compensate the Trustee and his counsel in amounts authorized by order of court when the plan was approved. Other amounts were advanced to keep the debtor's plant in operation as provided by the plan approved by order of this court.

Nevertheless, since no authorization of this court was secured for the consummation of these latter loans as required under Chapter X, I find no basis to treat them in the priority of expenses for administration.

It is significant to note that the order approving the plan of reorganization was entered December 12, 1949. The order confirming said plan was entered August 16, 1950.

Since, however, the debtor corporation proved unable to consummate the plan, the court by order of February 20, 1952 authorized the Trustee to liquidate the debtor corporation.

■ Claims of creditors which came into existence after confirmation of a reorganization plan are not entitled to priority as expenses of administration over claims of creditors which existed at time of reorganization. In re Michel, Maksik & Feldman, D.C., 48 F.Supp. 23, affirmed 2 Cir., 132 F.2d 299.

■ Accordingly, it is my judgment that the advancements of Gerald S. Rogers made after August 16, 1950, the date upon which the plan of reorganization was confirmed, should be relegated to the status of general creditors, while any loans made prior thereto should fall.

I see no need to comment on the subject of allowances, as the amounts provided for in the subsequent order are in accord with basic principles of equity and established rules of reorganization procedure.

An appropriate order is entered.

### Extent of Interest on Government Liens

In this reorganization proceeding under Chapter X of the Bankruptcy Act, 11 U.S. C.A. § 501 et seq., the question arises as to whether the United States of America is entitled to interest on divers tax liens beyond the date of the filing of the reorganization petition. The tax liens involved were entered against the debtor more than four months prior to the filing of this reorganization proceeding.

Said proceeding was filed on May 25, 1948. A plan was approved and confirmed, but never consummated. The debtor corporation was liquidated as though in the first instance it was adjudicated a bankrupt. All assets of the debtor were subsequently sold under Order of Court, which included real estate, and sufficient funds do not exist to pay all of the debtor's obligations.

The principal of said liens and interest to the date of the filing of the proceeding have been paid by the Trustee, but the United States refuses to satisfy the liens of record, claiming a right to interest to the date of payment.

■ The law appears clear and unequivocal that tax claims in bankruptcy, in an arrangement proceeding, or in a reorganization proceeding bear interest only to the date of bankruptcy or to the date of the filing of the arrangement or reorganization proceeding. City of New York v. Saper, Trustee in Bankruptcy, 336 U.S. 328, 69 S. Ct. 554, 93 L.Ed. 710 (Bankruptcy); United States v. Edens, 4 Cir., 189 F.2d 876; Chapter X, 11 U.S.C.A. § 501 et seq. (Reorgani-

zation); United States v. General Engineering & Manufacturing Co., 8 Cir., 188 F.2d 80, 81; Chapter XI, 11 U.S.C.A. § 701 et seq. (Arrangement).

■ As a matter of public policy the courts have recognized that as a general rule, after property of an insolvent passes into the hands of a receiver, interest is not allowed against the funds. The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate. Thomas v. Western Car Co., 149 U.S. 95, 13 S.Ct. 824, 37 L.Ed. 663; Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162.

The government has concurred in the view that tax claims against a bankrupt bear interest only until the date of bankruptcy, but seeks to distinguish between those tax claims reduced to liens and tax claims not reduced to liens, advancing the argument that the general rule of interest herein enunciated has application only to tax claims not reduced to liens.

I find no basis in law or policy for this arbitrary distinction. A meticulous examination of the authorities reveals no such tortured classification.

■ Since the United States of America has been paid the face of said tax liens and paid interest to the date of the filing of the reorganization proceeding, the United States of America will be directed to satisfy said liens of record.

An appropriate order is entered.

### Supplemental Opinion on Application for Final Allowances and Reimbursement for Loans

In connection with application for payment of final allowances and reimbursement for loans in this reorganization proceeding, consideration will be given to the claims of Emma M. Werksman.

Her claims relate to three categories:

(a) $1640.00 for wages

(b) $2390.07 for loans

(c) $125.00 for preparation of Trustee Report

### Claims for Wages

Emma M. Werksman assisted her husband, Henry Werksman, Trustee, in a most informal manner and her services were closely correlated with those of her husband, for whom an allowance has been approved in the amount of $10,000.

The Trustee had dedicated a most substantial part of his effort to nursing the debtor from death to health, but all to no avail. His wife joined with him and if their efforts had been successful, much would have been contributed to their mutual happiness.

Claimant's services were never authorized by the court nor was a definite designation given her by the Trustee as an employee of the debtor. She had no regular hours of employment and the court would never have approved her employment at the rate of $50 per week in view of the condition of debtor.

I cannot conscientiously approve her claim as presented for services rendered, at the rate of $50 per week or in the total amount of $1640. Nevertheless, direct benefits did accrue to the debtor from her services. She did take care of billing as well as the payroll, and prepared Social Security and Unemployment Compensation Tax returns.

It is my judgment that an award of $500 would adequately compensate Emma M. Werksman in connection with her claim for wages.

### Claim for Reimbursement for Moneys Advanced by Claimant to Debtor in the Amount of $2390.07

In addition, claimant made divers advancements of money to debtor during the reorganization proceeding. The record fails to disclose any authorization on the part of this court to make said loans as required by the Chandler Act, 11 U.S.C.A. § 516(2).

As I have heretofore indicated, to approve such unauthorized loans at this late date, occurring as they did, without following the requisites of notice and court approval, would set a dangerous precedent for future reorganization proceedings, imperiling the vested interest of creditors and shareholders.

### Claim for Preparation of Trustee Report

With regard to the final claim for $125 as compensation for a special report relative to a statement of expenses and receipts, which report was essential for the Trustee to properly perform his duties, I find the claim reasonable and commensurate with equitable standards.

An appropriate order is entered.