In the Matter of **POLLARD BROS.,** Limited, a corporation, Debtor.

No. 7069.

United States District Court, S. D. California, N. D.

Jan. 14, 1955.

Davis, Guerard & Barrett, Fresno, Cal., for debtor.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for the United States.

HALL, District Judge.

In this Chapter X proceeding under the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., the United States filed a claim for taxes and for interest thereon to the date of payment and for penalties. The Referee allowed the claim with interest thereon and penalties to the date of bankruptcy and disallowed interest thereafter and the penalties included in the claim.

 The same rule applies to tax claims under Chapter X proceedings as applies in general bankruptcy proceedings. United States v. Edens, 4 Cir., 189 F.2d 876, affirmed per curiam 342 U.S. 912, 72 S.Ct. 357, 96 L.Ed. 682.

The United States relies principally upon an opinion of this court filed March 31, 1950, in the Matter of Ridgecrest Development Company, D.C.S.D.Cal. 1950, 129 F.Supp. 708, wherein I, as judge of this court, allowed interest on the lien claim of taxes to the United States subsequent to bankruptcy. At that time City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, was before me. It holds that interest on the tax claims terminates at the date of bankruptcy but no where in the opinion of the Supreme Court or of the lower courts does it appear that the claim for taxes had proceeded to the point of becoming a lien under 3670–3671 of Title 26 U.S.C.A. or that the tax lien of the United States had been recorded under any state law as permitted by Section 3672, Title 26 U.S.C.A., subsection (a) (1).[1]

In the Ridgecrest Development Company case the lien had been perfected as provided in 26 U.S.C.A. §§ 3670 and 3671[2] and had been recorded under the terms of 26 U.S.C.A. § 3672 and California Government Code Section 27330.[3]

It therefore appeared to me that the Ridgecrest case was to be distinguished from the facts in the Saper case, supra, in that in the Ridgecrest case there was a lien and it had been perfected under both state and federal law.

In the instant case the same situation prevails; compliance has been had with 26 U.S.C.A. §§ 3670, 3671 and 3672 and California Government Code 27330.

Since the decision in the Ridgecrest case the Ninth Circuit decided the case of Beecher v. Leavenworth State Bank, 1951, 192 F.2d 10, 14, certiorari denied 343 U.S. 953, 72 S.Ct. 1048, 96 L.Ed. 1354. In that case Chelan County, Washington, had a claim based on unpaid taxes and assessments which by Washington statute became a lien on the assessed property of the debtor. Interest until date of payment of that claim of lien was allowed by the district court. The Ninth Circuit, after reviewing the history of the disallowance of interest on secured debts, disallowed the interest after bankruptcy, conditionally. Its conclusion on the subject was that the lien claim of Chelan County for interest after bankruptcy was allowed " 'to the extent

---

1. Section 3672 "Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

 "(1) In the office in which the filing of such notice is authorized by the law of the State * * * in which the property subject to the lien is situated, whenever the State * * * has by law authorized the filing of such notice in an office within the State * * *."

2. Section 3670 "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addi-

tion thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

 Section 3671 "Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."

3. "Notices of liens for internal revenue taxes. Notices of liens for Internal Revenue Taxes payable to the United States and certificates discharging such liens may be filed in the office of the county recorder of the county within which the property subject to the lien is situated."

that the estate is fully solvent after the allowance of exemptions and the payment of the principal amount of all claims.'"

The lien of the United States for taxes in the instant proceeding has no greater dignity than the lien for taxes of Chelan County in the Beecher case, supra.

While the Beecher case, supra, was a farmer-debtor proceeding, that is no reason for applying a different rule as to tax liens therein than in general bankruptcy proceedings or Chapter X proceedings. This is particularly so in view of the fact that the rule is also applied to Chapter XI proceedings. United States v. General Engineering & Manufacturing Co., 8 Cir., 1951, 188 F. 2d 80, affirmed 342 U.S. 912, 72 S.Ct. 358, 96 L.Ed. 682.

It is noted that the referee disallowed not only the interest but the penalties. The same reasoning that supports the cutting off of interest at the date of bankruptcy would apply with equal force to penalties accruing after the date of bankruptcy. This is so for two reasons: first, because by Section 3670 Title 26 U.S.C.A., interest and penalties become *a part of the tax*; secondly, because the scheme of priority set forth in Section 104 of Title 11 U.S.C.A. segregates taxes owing the United States, or any state or any subdivision thereof, from all other types of debts. Hence neither penalties nor interest accruing on a tax lien of the United States subsequent to bankruptcy is entitled to consideration under subdivision a(5) of Section 104 of Title 11

U.S.C.A. allowing as the fifth priority "debts owing to any person, including the United States, who by the laws of the United States is entitled to priority * * *." As said in State of Missouri v. Ross, 1936, 299 U.S. 72, at page 76, 57 S.Ct. 60, at page 62, 81 L.Ed. 46, "The contention is that unpaid taxes constitute debts, and therefore fall within the seventh paragraph. But this conclusion must be rejected; for, conceding that taxes are debts, they are carved out of the general provisions of paragraph (b) (7) and put in a special class under paragraph (b) (6) and thus fall within the rule that special provisions prevail over general ones which, in the absence of the special provisions, would control."[4]

For the foregoing reasons I consider the doctrine which I adopted and followed in the Ridgecrest Development case, supra, as overruled, and direct that the order of the referee be modified so that interest and penalties accruing after bankruptcy are disallowed except as to the extent that the estate is fully solvent after the allowance of exemptions and the payment of the principal amount of all claims, and as so modified the decision of the referee is affirmed.

This rule seems to be in accord with rulings from the other circuits. Sword Line, Inc., v. Industrial Commissioner of New York, 2 Cir., 1954, 212 F.2d 865, at page 870; In re Industrial Machine & Supply Co., D.C.W.D.Pa.1953, 112 F. Supp. 261; Commonwealth of Massachusetts v. Thompson, 1 Cir., 1951, 190 F. 2d 10, certiorari denied 342 U.S. 918, 72 S.Ct. 364, 96 L.Ed. 686.

4. Since the decision in that case the applicable section of the Bankruptcy Act, 11 U.S.C.A. § 104, has been amended so that what was paragraph 7 thereof at that time is now paragraph 5 relating to debts entitled to priority, and what was paragraph 6 at that time is now paragraph 4 relating to taxes.