Irving J. WOLF, Robert H. Davidson,
Richard S. Hull and Frederick
Katzenhell, Appellants,

v.

NAZARETH FAIR GROUNDS & FARM-
ERS' MARKET, INC., and Melville
A. Carty, Appellees.

In the Matter of NAZARETH FAIR
GROUNDS & FARMERS' MAR-
KET, INC., Debtor.

No. 372, Docket 26231.

United States Court of Appeals
Second Circuit.

Argued June 17, 1960.

Decided July 18, 1960.

Melvin Lloyd Robbins, New York City, for appellants.

Alex L. Rosen, New York City, for appellees.

Before WATERMAN, MOORE and HAMLIN,* Circuit Judges.

PER CURIAM.

On September 28, 1953 a proceeding was commenced under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., for the reorganization of appellee-debtor, Nazareth Fair Grounds and Farmers' Market, Inc. In 1956 Nazareth obtained court authorization to construct buildings to replace those destroyed by fire. The construction costs turned out to be higher than estimated in the financing proposal approved by the court, and, in order to prevent the imposition of liens upon the property by construction credi-

* Of the Ninth Circuit, sitting by designation.

tors, Nazareth decided to borrow the sum of $30,000 from one Melville Carty, appellee-creditor. The loan was secured by an assignment of future rents. Nazareth did not seek prior court authorization for this additional borrowing. On December 4, 1957 Nazareth petitioned the court for *nunc pro tunc* approval of the loan. On January 6, 1960, after a hearing, Judge Sugarman granted the petition subject to the conditions that Carty would not receive any interest on his loan, and that approximately one half of the outstanding principal was to be paid immediately and the remainder paid in equal monthly installments over a period of ten months. Appellants are minority shareholders in Nazareth, and they appeal from the order granting the petition for *nunc pro tunc* approval.

This court has held that under former Section 77B of the Bankruptcy Act an unauthorized loan may receive priority as an expense of administration in such unusual circumstances as would justify equitable relief. In re American Cooler Co., 2 Cir., 1942, 125 F.2d 496, 497. The parties here do not dispute that this principle is equally applicable to Chapter X proceedings. See also 6 Collier, Bankruptcy, § 3.26 (14th Ed.). In the present case it is not disputed that the proceeds of the Carty loan were used solely for purposes previously approved by the court, nor is it disputed that this use of the proceeds was instrumental in enabling Nazareth to continue as a going concern. Finally, it appears to be uncontradicted that Nazareth's creditors have been benefited by this continuation. Thus we conclude that this case presents those elements which we indicated in American Cooler, supra, would be necessary to sustain an order retroactively approving an unauthorized loan.

Appellants contend that there was insufficient evidence in the record to enable the district court to determine whether repayment of the loan would work a "financial injury" upon Nazareth. Without deciding whether such a finding is always necessary in order to approve retroactively an unauthorized loan, we

note that Nazareth, at the time of the order appealed from, had unrestricted cash slightly in excess of the entire amount adjudged due to Carty and that its current annual net income is greater than $60,000. This would seem to be sufficient.

Affirmed.