NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In re:

BOSS LITHO, INC.,

Debtor.

BOSS LITHO, INC.,

Appellant,

v.

BANK OF HOPE,

Appellee.

BAP No. CC-18-1105-LSF

Bk. No. 2:18-bk-11454-SK

**MEMORANDUM**[*]

Argued and Submitted on October 25, 2018
at Pasadena, California

Filed – November 20, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sandra R. Klein, Bankruptcy Judge, Presiding

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appearances:    Michael S. Kogan of Kogan Law Firm, APC, argued for Appellant.

Before: LAFFERTY, SPRAKER, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Boss Litho, Inc. ("Debtor") appeals the bankruptcy court's order denying retroactive approval of postpetition unsecured financing. The court denied approval because Debtor did not provide an adequate explanation for its failure to obtain prior approval.

Finding no abuse of discretion in the bankruptcy court's ruling, we AFFIRM.

## FACTUAL BACKGROUND

Debtor filed its chapter 11[1] petition on February 9, 2018. About a month later, it filed a "Motion for Order Approving Financing as Unsecured Credit Allowable as an Administrative Expense" (the "Motion"). In the Motion, Debtor sought court approval of a financing agreement between Debtor and its principal, Jean Paul Nataf, under which Mr. Nataf agreed to loan Debtor up to $250,000 to provide funds for

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

payments to vendors and maintenance of Debtor's business operations. Any amounts loaned under the agreement would be due on the later of (I) July 30, 2018, (ii) the date a plan of reorganization was confirmed, (iii) upon court approval of a sale of the assets, or (iv) conversion to chapter 7.

According to the Motion and Mr. Nataf's supporting declaration, Mr. Nataf had already advanced, postpetition, approximately $19,000 to Debtor "to meet immediate cash and operating needs of the Debtor." Debtor requested that the amounts previously advanced be retroactively approved under the terms of the financing agreement.

Secured creditor Bank of Hope (the "Bank") filed a conditional objection to the Motion. The Bank did not object to the financing, but it requested that certain conditions be imposed. The Bank specifically objected to approval of the unauthorized postpetition advances because Debtor had not explained its failure to seek prior authorization.

Debtor filed a reply in which it pointed out that at a hearing on the use of the Bank's cash collateral, held a week after the petition was filed, Debtor's counsel had stated in open court that Debtor might seek financing from Mr. Nataf and that it had filed the Motion approximately one month after the petition date on regular notice. Debtor stated that "certain advances were made because the Debtor wanted to not lose business, fulfill orders and ultimately enhance the bankruptcy estate for the benefit of

creditors including Bank of Hope."

At the April 5, 2018 hearing on the Motion, the Bank's counsel indicated that most of its objections had been resolved or were in the process of being resolved, and asked that if the bankruptcy court were inclined to grant the motion, it do so on an interim basis with a final hearing to be held approximately two weeks later. The Bank, however, continued to object to the retroactive approval of the amounts Mr. Nataf had already advanced to Debtor.[2]

The bankruptcy court approved the financing on an interim basis but denied the motion for retroactive approval of amounts previously advanced, remarking "I do not believe that you have established that whatever has been expended so far should be approved retroactively. So, I can go through the entire analysis, but that's where I come out." On April 11, 2018, the bankruptcy court entered an interim order that approved the financing but denied, on a final basis, the retroactive approval of amounts

[2] After this appeal was filed, on May 2, 2018, Debtor and the Bank entered into a final stipulation for the use of cash collateral, which included a provision permitting Debtor to repay the unapproved advances from the Bank's cash collateral. According to footnote 4 of Debtor's opening brief, the bankruptcy court declined to approve that provision. The bankruptcy court docket reflects that a modified stipulation omitting the provision was approved by the court on May 18, 2018. Although Debtor included a copy of the May 2 stipulation in its excerpts of record, it did not include the modification or the bankruptcy court's order approving the stipulation. We have exercised our discretion to review the bankruptcy court's docket, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

previously advanced. The bankruptcy court entered a final order approving the financing on May 22, 2018; that order also stated that retroactive approval was denied. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(D). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion in denying retroactive approval of postpetition financing?

## STANDARD OF REVIEW

We review a bankruptcy court's decision whether to grant retroactive approval of postpetition financing for abuse of discretion. *See Sherman v. Harbin (In re Harbin)*, 486 F.3d 510, 517 (9th Cir. 2007). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

We may affirm on any basis supported by the record. *Caviata Attached Homes, LLC v. U.S. Bank, Nat'l Ass'n (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 44 (9th Cir. BAP 2012).

## DISCUSSION

A debtor in possession must receive court approval to obtain unsecured credit outside the ordinary course of business. *See* § 364(b). Approval must be obtained **before** incurring the debt. *See In re Harbin*, 486 F.3d at 521 (discussing approval of secured debt under § 364(c)(2)).[3] If a debtor has not obtained court approval before incurring debt, the bankruptcy court may retroactively approve the transaction. *Id.* at 521-22. Such approval, however, is limited to situations in which exceptional circumstances exist. *Id.* (citing *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 973-74 (9th Cir. 1995)). In determining whether to exercise its discretion to grant retroactive approval of postpetition financing, the bankruptcy court should consider:

> (1) whether the financing transaction benefits the bankruptcy estate; (2) whether the [debtor] has adequately explained its failure to seek prior authorization or otherwise established that it acted in good faith when it failed to seek prior authorization; (3) whether there is full compliance with the requirements of section 364[(b)]; and (4) whether the circumstances of the case present one of those rare situations in which retroactive authorization is appropriate.

*Id*. at 523.

---

[3] Although *Harbin* involved the retroactive approval of secured financing under § 364(c), subsection (b), dealing with authorization for unsecured financing, also requires notice and a hearing before the court may authorize such borrowing. Thus, *Harbin*'s reasoning applies to retroactive approval of unsecured financing.

The bankruptcy court did not make specific findings as to the reasons for its denial of retroactive approval. As noted, the court opted not to go through the entire analysis but stated only that Debtor had not established that amounts previously loaned should be approved retroactively. Debtor argues that we cannot review the order on appeal because the bankruptcy court did not specify the factual basis for its ruling. But we may still conduct appellate review "if a complete understanding of the issues may be obtained from the record as a whole or if there can be no genuine dispute about omitted findings." *Veal v. Am. Home Mortg. Serv., Inc. (In re Veal)*, 450 B.R. 897, 919–20 (9th Cir. BAP 2011) (citations omitted). Although explicit findings would have been preferable, we are able to ascertain the basis for the court's ruling from the record before us.

In the Motion, Debtor stated, with respect to retroactive approval: "Nataf in anticipation of approval of this Motion has advanced the Debtor certain amounts on his credit card to meet immediate cash and operating needs of the Debtor. By this Motion, Debtor requests that those loans be approved on the terms and conditions contained in the Motion." Debtor cited no legal standard or factual basis for this request. In its opposition, the Bank cited the above-quoted legal standard from *Harbin* and argued that Debtor had not adequately explained why it had not sought prior approval. In its reply, Debtor seemed to argue that its mention of the possibility of seeking finance from Mr. Nataf at a prior hearing sufficed as a

request for approval. Debtor ignored the Ninth Circuit authority cited by the Bank and urged the bankruptcy court to apply the legal standard from the Second Circuit, which requires consideration of (1) whether the financing would have been approved if timely application were made; (2) whether creditors have been harmed by a continuation of the business made possible by the loan; and (3) whether the debtor and lender honestly believed that they had authority to enter into the transaction. *In re Am. Cooler Co.*, 125 F.2d 496, 497 (2d Cir. 1942). Debtor also cited two other cases from the Second Circuit–*In re Reilly*, 542 B.R. 317 (Bankr. W.D.N.Y. 2015), and *Standard Capital Corp. v. Saper*, 115 F.2d 383, 385 (2d Cir. 1940)–as support for its argument that the court should grant retroactive approval, positing that "[m]ost of the cases on this issue have dealt with situations that were far longer in duration, converted cases or situations were [sic] priming liens were obtained."

On appeal, Debtor cites the same Second Circuit authorities for the appropriate legal standard.[4] But we (and the bankruptcy court) are bound to follow Ninth Circuit precedent unless that precedent is overturned by the Supreme Court. *Deitz v. Ford (In re Deitz)*, 469 B.R. 11, 22 (9th Cir. BAP

---

[4] At oral argument, Debtor's counsel represented that he had cited *Harbin* in his moving papers and that the *Harbin* standards had been met. Although counsel cited *Harbin* in the Motion, he did so only in support of the proposition that the bankruptcy court's § 105(a) powers include the ability to grant retroactive approval of postpetition financing. But he cited *American Cooler*, a 1942 Second Circuit case, for the standard to be applied for retroactive approval.

2012) (citing *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1093 (9th Cir. 2007)).

Applying that standard to the record before us, we see no abuse of discretion by the bankruptcy court. In basing its denial on Debtor's failure to provide an adequate explanation for not seeking prior approval, the bankruptcy court implicitly applied the correct legal standard. And Debtor has not shown that the bankruptcy court's conclusion that the standard was not met was illogical, implausible, or without support in inferences to be drawn from the record. Debtor did not provide an adequate explanation for its failure to seek prior authorization or demonstrate that "the circumstances of the case present one of those rare situations in which retroactive authorization is appropriate." *In re Harbin*, 486 F.3d at 523. Debtor's mere mention, at a prior hearing, of the possibility of seeking financing from Mr. Nataf did not suffice as a request for approval of that financing. As noted by the bankruptcy court, "mentioning something at a hearing and actually seeing the substance of the motion are different." On this record, then, we cannot conclude that the bankruptcy court abused its discretion in denying the request for retroactive approval.

## CONCLUSION

For these reasons, we AFFIRM.